# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| MARCUS QUALLS,<br>Individually and On Behalf of All<br>Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EOG RESOURCES, INC.;<br><br>Defendant. | §§§§§§§§§§§§§ | <br><br><br><br><br><br>CIV. ACTION NO. 1:17-cv-00916-JCH-JHR<br><br>COLLECTIVE AND CLASS ACTION<br>COMPLAINT |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes Plaintiff Marcus Qualls, ("Plaintiff"), on behalf of himself and all others similarly situated, and files this First Amended Complaint, as follows:

### I. PRELIMINARY STATEMENT

1. EOG Resources, Inc., ("EOG" or "Defendant") was formerly a joint and/or co-employer of Plaintiff Marcus Qualls. Mr. Qualls worked as a "Consultant" for EOG from April of 2017 until August of 2017. He interviewed and was hired through a third party, Bedrock PC 1099 ("Bedrock"),[1] and he worked exclusively as a Consultant for EOG, working on various

---

[1] In his Original Complaint, Plaintiff asserted claims against EOG, Bedrock Petroleum Consultants, LLC ("BPC") and its President, Jonathan Falcon. BPC and Mr. Falcon appeared and have requested that the Court dismiss the claims against them for lack of personal jurisdiction or alternatively to transfer the claims against them to the Southern District of Texas, and to compel arbitration of the claims against them. In order to avoid protracted litigation over personal jurisdiction, Plaintiff in this pleading has dropped the claims against BPC and Mr. Falcon and has filed a separate lawsuit in the Southern District of Texas, Cause No. 4:17-CV-3232 (the "Texas Lawsuit"), asserting that BPC's subsidiary, Bedrock PC 1099, LLC was a joint and/or co-employer of Mr. Qualls and the putative class. The claims against EOG will be litigated in this lawsuit, and the claims against Bedrock PC 1099, LLC will be litigated in the Texas Lawsuit.

drilling rigs operated by EOG. While employed by EOG, Mr. Qualls was misclassified as an independent contractor, despite the fact that he worked full time for EOG, and virtually every aspect of his job was controlled by EOG. EOG (and, as asserted in the Texas Lawsuit, Bedrock PC 1099, LLC) misclassified Mr. Qualls as an independent contractor to avoid paying employment taxes, benefits and overtime. During his time with EOG, Mr. Qualls typically worked between 12-20 hours per day, and sometimes worked as many as 35 days straight. Mr. Qualls received a day rate regardless of the number of hours he worked in a given day or week, and never received overtime pay. On information and belief, there are a large number of workers that have been hired through Bedrock (and are paid through Bedrock) but are working strictly for EOG in New Mexico, all of whom are classified as independent contractors and all of whom are paid a day rate and/or straight time and denied overtime pay.

2. Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA"). Plaintiff, on behalf of himself and all others similarly situated, also brings a class action under New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) (the "New Mexico Wage Act").

3. The class of similarly situated employees sought to be certified as a collective action under the FLSA and/or a class action under the New Mexico Wage Act is defined as:

> **All oilfield workers hired through Bedrock and working at EOG facilities in New Mexico during the past 3 years who were classified as independent contractors and paid a day-rate and/ or straight time with no overtime (the "Class Members").**

4. For at least three years prior to the filing of this Complaint, EOG willfully committed widespread violations of the FLSA and the New Mexico Wage Act by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

## II. PARTIES

5. Plaintiff Marcus Qualls is an individual residing in Texas. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

6. EOG Resources, Inc. has been served with process and has answered and appeared herein.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..." The Court has subject matter jurisdiction over the state law claims pursuant to 28. U.S.C. § 1332(d) because this is a class action with an amount in controversy over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen of a different state than EOG. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over EOG because EOG performs a substantial amount of business in New Mexico. This Court's assertion of jurisdiction over EOG would

not offend traditional notions of fair play and substantial justice. EOG has appeared and does not contest this Court's assertion of personal jurisdiction over it.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. EOG has appeared and does not contest venue in this district.

### IV. COVERAGE

10. At all relevant times, EOG has acted, directly or indirectly, as an employer or joint employer with respect to Plaintiff and others similarly situated. EOG is directly or indirectly responsible for all decisions related to the wages to be paid to Consultants, the work to be performed by the Consultants, the locations of work performed by the employees, the hours to be worked by the Consultants, and the compensation policies with respect to the Consultants.

11. At all relevant times, EOG has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, EOG has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

13. At all relevant times, Plaintiff, and others similarly situated, were employees for EOG who were engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

14. EOG is an international energy company engaged in exploration and production of oil and gas. EOG has operations across the United States, including in Texas, Pennsylvania, Oklahoma, North Dakota, Wyoming and Colorado. These drilling operations are labor intensive, and EOG employs thousands of workers to perform various tasks on its drilling rigs, including the Consultants such as Plaintiff and others similarly situated.

15. Because Plaintiff and other EOG-dedicated Consultants are paid a day rate and/or straight time, and because their schedules are set by EOG, they are not given any opportunity to share in the profit and/or loss of their services. They are not allowed the freedom to take or reject assignments - instead they must report to EOG's rigs as ordered to do by EOG. Because they work full time (working very long hours) for EOG, they are not allowed an opportunity to expand their business or to take on other assignments as true independent contractors would be expected to do. Moreover, the Class Members are manual laborers, not the kind of highly-skilled workers that would typically be classified as independent contractors. Finally, the Class Members did not provide their own tools or equipment and were not allowed to hire their own helpers, as true independent contractors typically do.

16. No exemption excuses EOG from paying Mr. Qualls and other similarly situated Class Members overtime rates under the FLSA or the New Mexico Wage Act.

17. EOG has failed to make a good faith effort to comply with the FLSA or the New Mexico Wage Act. Instead, EOG knowingly, willfully or with reckless disregard carried out its

illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

18. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

19. Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action. Pursuant to the FLSA and the New Mexico Wage Act, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. COLLECTIVE ACTION ALLEGATIONS

20. Other employees of EOG have been victimized by the pattern, practice and policy of EOG. Plaintiff is aware that the illegal practices and policies of EOG have been imposed on other, similarly situated workers.

21. Plaintiff brings his claim on behalf of all current and former Class Members, or similar job descriptions or titles, who worked on a dedicated basis for EOG.

22. EOG's compensation policies and procedures with respect to Plaintiff and the Class Members and wages paid to Plaintiff and the Class Members are substantially similar, if not identical.

23. EOG's pattern of failing to pay overtime compensation as required by the FLSA results from EOG's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or other Class Members.

24. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to EOG's liability under the FLSA.

25. Plaintiff files this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on his own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of EOG.

26. Plaintiff requests that EOG identify all Class Members in order that proper notice of their right to opt-out of this class action (or, alternatively, to consent to participation in this collective action) may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers of the Class Members.

27. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

28. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

29. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII. CLASS ACTION ALLEGATIONS

30. The foregoing allegations are incorporated herein by reference.

31. Plaintiff brings his class action on behalf of the respective Class Members. The Class Members are so numerous that their joinder is impracticable. While the precise number of the Class Members is unknown, there are at least 50 Consultants that worked at least one workweek of at least 40 hours in or out of New Mexico over the past three years.

32. Plaintiff's claims are typical of the Class Members. He and the Class Members (1) were responsible for performing manual labor on EOG's drilling rigs; (2) worked over 40 hours in at least one workweek of at least 40 hours in or out of New Mexico; and (3) were not paid overtime.

33. Common questions of law and fact predominate over any questions affecting any individual members, including:

- Whether EOG violated the New Mexico Wage Act;
- The proper measure of damages sustained by the respective New Mexico Wage Act Class Members; and
- Whether EOG should be enjoined from committing the alleged violations of the New Mexico Wage Act in the future.

34. As a result, Plaintiff will fairly and adequately protect the respective Class Members and has retained counsel experienced in complex wage and hour litigation.

35. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because EOG acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

36. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation— individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation re-

sulting in inconsistent judgments pertaining to policies and practices, including the OT Misclassification Policy. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

37. EOG violated and continue to violate New Mexico Wage Act through their continuing course of conduct that began with the inception of their misclassification policy described herein and has continued with the enforcement of the same misclassification policy until the at least of the date of this filing.

## VIII. CAUSES OF ACTION

### COUNT ONE - VIOLATIONS OF THE FLSA

38. The foregoing allegations are incorporated herein by reference.

39. Plaintiff and others similarly situated were non-exempt employees of EOG.

40. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

41. EOG violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

42. In further violation of the FLSA, EOG willfully failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and other similarly situated employees.

43. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees,

costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## COUNT TWO - VIOLATIONS OF THE NEW MEXICO WAGE ACT

44. The foregoing allegations are incorporated herein by reference.

45. Plaintiff and the Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

46. During the relevant time period, EOG violated and continues to violate New Mexico Wage Act by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

47. As a direct and proximate result of EOG's unlawful conduct, Plaintiff and the Class Members have suffered and will continue to suffer from a loss of income and other damages.

48. Plaintiff and the Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under New Mexico Wage Act.

49. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of EOG's continued course of conduct regardless of the date on which they occurred.

50. Plaintiff further requests that the Court, in addition to awarding the above-referenced monetary relief, also issue a permanent injunction prohibiting EOG from engaging in the

violations of the New Mexico Minimum Wage Act as described herein and requiring EOG to post in their respective places of business (i.e. their respective headquarters as well as all field offices) a notice describing violations by the EOG as found by the court or such other and further injunctive relief as the Court may deem appropriate.

## IX. RELIEF SOUGHT

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Class Members, prays for relief against EOG as follows in regards to the FLSA collective action claims:

> a. For an Order pursuant to Section 16(b) of the FLSA finding EOG liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);
>
> b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;
>
> c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;
>
> d. For an Order awarding Plaintiff (and those who may join in the suit) pre- judgment and post-judgment interest at the highest rates allowed by law; and
>
> e. For such other and further relief as may be necessary and appropriate.

WHEREFORE, Plaintiff, individually and on behalf of the New Mexico Wage Act Class Members, prays for relief against EOG as follows in regards to the class action complaint:

> a. For an Order Certifying the State Wage Act claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representatives under New Mexico Wage Act, and for designation of Plaintiff's counsel as class counsel;
>
> b. For Judgment that EOG violated New Mexico Wage Act by failing to pay Plaintiff and the Class Members overtime compensation;

c. For an Order awarding Plaintiff and the Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest and all available penalty wages under New Mexico Wage Act;

d. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e. For injunctive relief as requested herein and for such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
Texas State Bar No. 24045532[2]
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing on all counsel of record through the ECF filing system of the District of New Mexico on October 24, 2017.

/s/ Josh Borsellino

---

[2] The undersigned is admitted to practice before the U.S. District Court for the District of New Mexico.